```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DON R. CRAWFORD, JR., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-1723 (JBS/AMD) |
| v. | |
| THE STATE OF NEW JERSEY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

  This matter is before the Court on the motion of Plaintiff Don R. Crawford, Jr. to remand the action to the Superior Court of New Jersey, Burlington County. [Docket Item 3.] Also before the Court is Plaintiff's motion for an extension of time to complete service on certain Defendants. [Docket Item 4.] THE COURT FINDS AS FOLLOWS:

  1. Plaintiff initially filed this action on January 12, 2012 in the Superior Court of New Jersey, Burlington County, alleging that he suffered injuries as a result of an unprovoked attack by officers of the New Jersey State Police, several of whom Plaintiff identifies as Defendants in the action. [Docket Item 1, Ex. A.] Plaintiff's Complaint seeks declaratory and injunctive relief and monetary damages under several causes of action, including violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983 (Count One) and multiple state-law causes

of action (Counts Two through Eight).

2. On March 20, 2012, Defendant Sergeant Trumbetti removed the action from the Burlington County Superior Court to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331 and 1441, because the Complaint alleges a violation of a federal statute. [Docket Item 1.]

3. On April 18, 2012, Plaintiff filed a motion to amend his Complaint, stripping out the federal claim under 42 U.S.C. § 1983, and further moving to remand the action to Burlington County Superior Court, on the grounds that the Court lacks subject matter jurisdiction once the federal claim has been removed. [Docket Item 3.] Plaintiff's motion is unopposed.

4. Subsequent to filing his motion to amend and remand, Plaintiff's counsel filed a corrected motion to amend, attaching a modified proposed amended complaint, explaining that consultation with counsel for Defendants revealed that the originally submitted proposed amended complaint failed to remove all references to Plaintiff's federal claim. [Docket Item 5.] Consequently, Plaintiff requested that the modified proposed amended complaint be considered in the place of the first proposed amended complaint. Plaintiff refers to this document as the Second Amended Complaint.

5. Plaintiff additionally moves, under Fed. R. Civ. P. 4(m) for an extension of time to serve certain defendants, claiming

that good cause exists to warrant an extension of 120 days to effect service due to the jurisdictional complexities occasioned by the removal of the action to this Court and Plaintiff's pending, and unopposed, motion to remand.

6.  The Court concludes that, under the present circumstances, Plaintiff has demonstrated good cause for his failure to complete service within the 120 days authorized under Fed. R. Civ. P. 4(m). Plaintiff requested the extension of time prior to the expiration of time to file service, and provided sufficient justification for the extension. See <u>Mathies v. Silver</u>, 450 F. App'x 219, 222 (3d Cir. 2011) (stating that good cause is established upon "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.") (quoting <u>MCI Telecomms. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d Cir. 1995)). Therefore, the Court grants Plaintiff's request for an additional 120 days to complete service on the remaining unserved Defendants.

7.  The Court turns next to Plaintiff's motion to amend his Complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff is entitled to amend his Complaint once as of right because no Defendant has yet filed a responsive pleading or dispositive motion in this action. Thus, the Court will grant Plaintiff's motion to amend. Indeed, even were Plaintiff not

entitled to amend his complaint as of right, the Court would grant Plaintiff's motion to amend pursuant to Fed. R. Civ. P. 15(a)(2), as it is accepted policy to liberally grant leave to amend pleadings when justice so requires.  See Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990).  In this case, where no prejudice to Defendants has been demonstrated, the Court should exercise its discretion to grant the motion to amend the complaint.  See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (holding that prejudice to the non-moving party is the "touchstone for the denial of the amendment.").  Therefore, the Court grants Plaintiff's motion to amend; Plaintiff's Second Amended Complaint shall be docketed.

8.   The Court therefore recognizes that no federal claims are currently pending in this action.  Plaintiff moves, on this basis, to remand the action to the Burlington County Superior Court.  The Court previously exercised supplemental jurisdiction over Plaintiff's pendant state-law claims pursuant to 28 U.S.C. § 1367(a).  Having deleted all federal claims from the action, the Court has discretion to decline jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c).  As Plaintiff's state law claims now substantially predominate in this action, and as Plaintiff's motion to remand is unopposed by the removing parties, the Court will grant Plaintiff's motion to remand the Second Amended Complaint.

9.  In summation, the Court will grant Plaintiff's motion for an extension of time to serve by an additional 120 days. Additionally, the Court will grant Plaintiff's motion to amend his complaint, and will further grant Plaintiff's motion to remand the action to the Burlington County Superior Court.  The accompanying Order shall be entered.


**June 4, 2012**                               s/ Jerome B. Simandle
Date                                           JEROME B. SIMANDLE
                                               Chief U.S. District Judge