SHELLEY L. STANGLER, P.C.
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NJ 07081
PHONE (973) 379-2500 FAX (973) 379-0031
Attorney for Plaintiff Don Crawford

| | |
|---|---|
| DON R. CRAWFORD, JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY, THE NEW JERSEY STATE POLICE, SUPERINTENDENT COLONEL RICK FUENTES in his official, personal, and individual capacities, NEW JERSEY STATE TROOPER K. SAGANOWSKI, in his official, personal and individual capacities, NEW JERSEY STATE TROOPER J. HALL in his official, personal and individual capacities, NEW JERSEY STATE TROOPER F. LANE in his official, personal and individual capacities, NEW JERSEY STATE TROOPER M. BAGGS in his official, personal and individual capacities, NEW JERSEY STATE TROOPER M. GOLENEICKI in his official, personal and individual capacities, NEW JERSEY STATE TROOPER T. WELSH in his official, personal and individual capacities, THE CITY OF BURLINGTON, THE BURLINGTON POLICE DEPARTMENT, CHIEF JOHN LAZZAROTTI in his official, personal and individual capacities, SERGEANT TRUMBETTI, in his official, personal and individual capacities, OFFICER BIDDLE, in his official, personal and individual capacities, JOHN DOES 1-5 (as yet unidentified law enforcement persons in their official, personal and individual capacities, and ABC ENTITIES 1-5 (as yet unidentified entities),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIV.: BURLINGTON COUNTY<br><br>DOCKET NO: BUR-L-114-12<br><br>CIVIL ACTION<br><br>SECOND AMENDED COMPLAINT AND JURY DEMAND |

1

PLAINTIFF **DON CRAWFORD**, residing at 16 Gateshead Drive, Lumberton, Burlington County, New Jersey, by way of complaint against Defendants **LUMBERTON TOWNSHIP POLICE DEPARTMENT, CHIEF JEFFREY SMITH** in his personal individual and official capacities, **BURLINGTON CITY POLICE DEPARTMENT, CHIEF JOHN LAZZAROTTI** in his personal individual and official capacities, **SERGEANT TRUMBETTI** in his personal individual and official capacities, **BURLINGTON COUNTY, FREEHOLDER DIRECTOR JOSEPH DONNELLY** in his personal individual and official capacities, **FREEHOLDER DEPUTY DIRECTOR BILL HAINES, JR. in** his personal individual and official capacities, **CHRIS BROWN** in his personal individual and official capacities, **MARY ANNE REINHART** in her personal individual and official capacities, **JAMES WUJCIK** in his personal individual and official capacities, **SUPERINTENDENT COLONEL RICK FUENTES** in his personal individual and official capacities, **TROOPER K. SAGANOWSKI** in his personal individual and official capacities, **TROOPER J. HALL** in his personal individual and official capacities, **TROOPER F. LANE** in his personal individual and official capacities, **TROOPER M. BAGGS** in his personal individual and official capacities, **TROOPER M. GOLENEICKI** in his personal individual and official capacities, **TROOPER T. WELSH** in his personal individual and official capacities, **NEW JERSEY STATE POLICE, ABC ENTITIES 1-5** (as yet unidentified entities), and **JOHN DOES 1-5** (as yet unidentified persons in their personal individual and official capacities), states as follows:

1.     At all relevant times herein plaintiff **DON CRAWFORD** ("PLAINTIFF" or "CRAWFORD") was and is a resident of Lumberton, in the State of New Jersey.

2.     At all relevant times herein, upon information and belief, defendant **LUMBERTON POLICE DEPARTMENT** was and is an agency, department and/or

2

subdivision of the town of Lumberton organized and existing pursuant to the laws of the State of New Jersey, engaged in the hiring, training and supervision of law enforcement officers, with a place of business at 35 Municipal Drive, Lumberton, Burlington County, New Jersey 08048.

3.      At all relevant times herein, upon information and belief, defendant **CHIEF JEFFREY SMITH** (hereinafter **"CHIEF SMITH"**), was the    Chief of the defendant **LUMBERTON POLICE DEPARTMENT,** responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers.

4.      At all relevant times herein, upon information and belief, defendant **BURLINGTON CITY POLICE DEPARTMENT** was and is an agency, department and/or subdivision of Burlington City, New Jersey, organized and existing pursuant to the laws of the State of New Jersey, engaged in the hiring, training and supervision of law enforcement officers, with a place of business at 525 High Street, Burlington, Burlington County, New Jersey.

5.      At all relevant times herein, upon information and belief, defendant **CHIEF JOHN LAZZAROTTI** (hereinafter **"CHIEF LAZZAROTTI"**), was the Chief of the defendant **BURLINGTON CITY POLICE DEPARTMENT,** responsible for supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers.

6.      At all relevant times herein, upon information and belief, defendant **SERGEANT**

3

TRUMBETTI (hereinafter **"TRUMBETTI"**) was a police officer employed by the defendant **BURLINGTON CITY POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

7.     At all relevant times herein, upon information and belief, defendant **BURLINGTON COUNTY** (hereinafter "the **COUNTY"**) was and is a governmental entity, organized and existing pursuant to the laws of the State of New Jersey, engaged in the hiring, training and supervision of law enforcement officers, with a place of business at 48 Rancocas Road, Mt. Holly, Burlington County, New Jersey. 08060.

8.     At all relevant times herein, upon information and belief, defendant **JOSEPH DONNELLY** (hereinafter **"DONNELLY"**) was the Freeholder Director of the **COUNTY**, and as such, was responsible for the supervision and oversight of the **COUNTY**, including the development, promulgation, and implementation of policies, procedures and standards for the **COUNTY** and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers and law enforcement officials.

9.     At all relevant times herein, upon information and belief, defendant **BILL HAINES, JR.** (hereinafter **"HAINES"**) was the Freeholder Deputy Director of the **COUNTY**, and as such, was responsible for the supervision and oversight of the County, including the development, promulgation, and implementation of policies, procedures and standards for the **COUNTY** and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers and law enforcement officials.

10.     At all relevant times herein, upon information and belief, defendant **CHRIS**

4

BROWN (hereinafter "**BROWN**") was a Freeholder of the **COUNTY**, and as such, was responsible for the supervision and oversight of the County, including the development, promulgation, and implementation of policies, procedures and standards for the **COUNTY** and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers and law enforcement officials.

11.    At all relevant times herein, upon information and belief, defendant **MARY ANNE REINHART** (hereinafter "**REINHART**") was a Freeholder of the **COUNTY**, and as such, was responsible for the supervision and oversight of the County, including the development, promulgation, and implementation of policies, procedures and standards for the **COUNTY** and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers and law enforcement officials.

12.    At all relevant times herein, upon information and belief, defendant **JAMES WUJCIK** (hereinafter "**WUJCIK**") was a Freeholder of the **COUNTY**, and as such, was responsible for the supervision and oversight of the County, including the development, promulgation, and implementation of policies, procedures and standards for the **COUNTY** and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers and law enforcement officials. Together, **DONNELLY, HAINES, BROWN, REINHART** and **WUJCIK** are herein referred to as the "**FREEHOLDER DEFENDANTS**."

13.    At all relevant times herein, upon information and belief, defendant **NEW JERSEY STATE POLICE** (hereinafter "**STATE POLICE**") was and is an agency, department

and/or subdivision of the state of New Jersey, organized and existing pursuant to the laws of the State of New Jersey, engaged in the hiring, training and supervision of law enforcement officers, with a place of business at Allenwood Station, 2101 Allenwood Road, Burlington County, Wall, NJ 07719.

14. At all relevant times herein, upon information and belief, defendant **SUPERINTENDENT COLONEL RICK FUENTES** (hereinafter **"COLONEL FUENTES"**), was the Superintendent of the **STATE POLICE**, responsible for the supervision and oversight of the **STATE POLICE**, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of troopers including but not limited to the **TROOPER DEFENDANTS.**

15. At all relevant times herein, upon information and belief, defendant **TROOPER K. SAGANOWSKI** (hereinafter **"SAGANOWSKI"**) was a state trooper employed by the defendant **STATE POLICE**, acting in his official capacity as a police officer under color of law.

16. At all relevant times herein, upon information and belief, defendant **TROOPER J. HALL** (hereinafter **"HALL"**) was a state trooper employed by the defendant **STATE POLICE**, acting in his official capacity as a police officer under color of law.

17. At all relevant times herein, upon information and belief, defendant **TROOPER F. LANE** (hereinafter **"LANE"**) was a state trooper employed by the defendant **STATE POLICE**, acting in his official capacity as a police officer under color of law.

18. At all relevant times herein, upon information and belief, defendant **TROOPER M. BAGGS** (hereinafter **"BAGGS"**) was a state trooper employed by defendant **STATE**

POLICE, acting in his official capacity as a police officer under color of law.

19.    At all relevant times herein, upon information and belief, defendant **TROOPER M. GOLENIECKI** (hereinafter **"GOLENIECKI"**) was a state trooper employed by the defendant **STATE POLICE**, acting in his official capacity as a police officer under color of law.

20.    At all relevant times herein, upon information and belief, defendant **TROOPER T. WELSH** (hereinafter **"WELSH"**) was a state trooper employed by defendant **STATE POLICE**, acting in his official capacity as a police officer under color of law. Together, **SAGANOWSKI, HALL, LANE, BAGGS, GOLENEICKI** and **WELSH** are referred to herein as the "**TROOPER DEFENDANTS.**"

21.    At all relevant times herein defendants **ABC ENTITIES 1-5** were as yet unidentified departments, agencies or subdivisions of the **LUMBERTON POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, NEW JERSEY STATE POLICE**, and/or municipal entities responsible for supervision, management and control over defendant police officers, troopers and others.

22.    At all relevant times herein defendants **JOHN DOES 1 -5** were as yet individuals who were duly appointed police officers, State Troopers, employees, and/or supervisors of defendants **LUMBERTON POLICE DEPARTMENT, CITY OF BURLINGTON, BURLINGTON COUNTY,** and/or the **NEW JERSEY STATE POLICE.**

## NOTICES OF CLAIMS

23.    Plaintiff served Notice of Claims for damages in the form prescribed by New Jersey Statutes, Title 59:8-4, and signed by their representative, Shelley L. Stangler, Esq., upon Defendants **LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY**

POLICE DEPARTMENT, BURLINGTON COUNTY, and NEW JERSEY STATE POLICE, by Certified Mail, within the statutorily prescribed period.

24.    More than six (6) months have elapsed since service of said Notices of Claims and the claims remain unresolved.    This action is commenced within two (2) years from the date of the occurrence.

## FACTUAL ALLEGATIONS

25.    On the evening of January 15, 2007 plaintiff **DON CRAWFORD** (hereinafter **"CRAWFORD" or PLAINTIFF")** was standing in the parking lot of the Red Zone Sports Bar & Grill, located at 259 Rte. 130 South, Burlington City, Burlington County, New Jersey, 08016 (hereinafter, "Red Zone"). **PLAINTIFF** was talking with nonparty Clare Shearer (Ms. Shearer).

26.    A that place and time, defendant **SAGANOWSKI**, driving a marked State Trooper's Vehicle, arrived about ten feet from of the spot where **PLAINTIFF** and Ms. Shearer were standing, and stopped with his headlights pointed at them.

27.    **SAGANOWSKI** exited his vehicle and walked quickly towards **PLAINTIFF**. He asked "what are you guys doing" and **PLAINTIFF**, startled, backed up and called out to **SAGANOWSKI** that he wasn't doing anything, and had done nothing wrong. Ms. Shearer also called out to **SAGANOWSKI** that they weren't doing anything.

28.    **SAGANOWSKI** continued to approach **PLAINTIFF**. When **SAGANOWSKI** reached **PLAINTIFF** he grabbed **PLAINTIFF** by the right shoulder and said, "you're going to be a tough one."

29.    **SAGANOWSKI** then attempted to force **PLAINTIFF** onto the hood of a car, kicking him hard in the outside of the right calf, while pushing on his shoulder.

8

SAGANOWSKI's movements threw **PLAINTIFF** off-balance and **PLAINTIFF** fell on top of him, injuring **PLAINTIFF's** right foot and ankle.

30.     When **PLAINTIFF** was able to roll off **SAGANOWSKI** and was lying on the ground, he was grabbed on the shoulder by **HALL**, who struck **PLAINTIFF** on the left side of his face.

31.     **HALL** then put **PLAINTIFF** on his front, pressing his face into the pavement, and handcuffed **PLAINTIFF's** hands behind his back. At this point **PLAINTIFF** realized that several other troopers, who he later learned included Defendants **LANE, BAGGS, GOLENIECKI, WELSH** and **TRUMBETTI** and, upon information and belief, one or more of **JOHN DOES 1-5**, had arrived on the scene and encircled him. While **PLAINTIFF** was on the ground on his front with his face on the pavement, he was kicked and/or hit on his body and legs by **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5**. **PLAINTIFF** heard the **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** laughing and jeering while this was occurring.

32.     **PLAINTIFF** called to Ms. Shearer and one or more of the **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** told him to "shut up if you know what's good for you." Defendant **HALL** placed the end of his nightstick under **PLAINTIFF's** chin in a choking position and applied force, preventing **PLAINTIFF** from opening his mouth or speaking.

33.     Defendant **HALL** then instructed **PLAINTIFF** to put his feet flat to the ground. **PLAINTIFF's** right foot was sticking up due to the injury to his leg and ankle suffered when he was kicked and caused to fall. **PLAINTIFF** informed **HALL** he could not move his foot. **HALL** then stated he would move it for **PLAINTIFF**, and kicked and stomped on

PLAINTIFF'S right ankle, forcing it flat to the ground, while PLAINTIFF screamed in pain. HALL told PLAINTIFF to "shut up."

34. Emergency Medical personnel (EMTs) then came to the scene, and were proceeding to load PLAINTIFF into the ambulance. HALL stopped them and stated that PLAINTIFF had nothing wrong with him but was simply trying to avoid going to jail. One of the EMTs looked at PLAINTIFF's foot and stated that it was broken. Defendant HALL stated "Damn it," in disgust.

35. PLAINTIFF was transported to the Lady of Lourdes Hospital in Willingboro, where he was under guard of State Troopers and was fingerprinted. Thereafter, he was taken to Cooper Medical Center where he underwent surgery to repair his broken ankle and broken fibula, with the insertion of pins and plates.

36. The STATE POLICE charged PLAINTIFF with resisting arrest and assault upon SAGANOWSKI, but at no time was any charge brought against PLAINTIFF for whatever reason compelled the TROOPER DEFENDANTS, TRUMBETTI and JOHN DOES 1-5 to assault and arrest him in the first place.

37. On February 2, 2010, Officer Joe Caruso of the Burlington City Police Department telephoned PLAINTIFF, who was home from the hospital and recovering, to let him know that SAGANOWSKI had called the Burlington City Police Department to find out where PLAINTIFF lived, and that SAGANOWSKI had told him that PLAINTIFF had never been fingerprinted and there was a warrant for his arrest.

38. A few minutes later, SAGANOWSKI called PLAINTIFF's son and asked where PLAINTIFF was because he (SAGANOWSKI) was going to "come arrest his fucking ass" and said that the son 'better tell him' where PLAINTIFF was.

39.   A few minutes after that call, **SAGANOWSKI** called **PLAINTIFF**, and said "where the fuck are you, because I'm going to come arrest you, you were never fingerprinted." **PLAINTIFF** told **SAGANOWSKI** that he had been fingerprinted while he was in the hospital and it did not need to be done again, and that **PLAINTIFF** was unable to leave the house, since he was recovering from a broken leg and ankle. **SAGANOWSKI** replied that he did not care and he was still going to get **PLAINTIFF**.

40.   Within an hour, **JOHN DOES 1-5**, who were Police Officers and/or State Troopers, names unknown, went to Plaintiff's condominium and told Plaintiff's son that they had a warrant for **PLAINTIFF's** arrest. **PLAINTIFF** was not at the condominium at that time.

41.   That evening, Ms. Shearer called the **STATE POLICE** and was told by Trooper Stanga at the Bordentown Barracks C that there was no warrant for **PLAINTIFF,** but they only wanted a statement from him.

42.   As a direct and proximate result of the aforesaid occurrence and use of excessive force, **PLAINTIFF** suffered serious, severe and permanent injuries to his body, including but not limited to fractures of the ankle and fibula, requiring surgery.

43.   The use of force used was far in excess of that necessary to effectuate an arrest of **PLAINTIFF**, if in fact such arrest was legal and appropriate.

44.   Despite the lack of probable cause for any arrest, **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** maliciously and with deliberate indifference and without cause deprived **PLAINTIFF** of his liberty and the rights, privileges and immunities granted to him under the New Jersey State Constitution.

45.   The conduct of the **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** constituted an abuse of process and authority which deprived **PLAINTIFF** of his

11

liberty and the rights, privileges and immunities granted to him under the New Jersey State Constitution.

46. At all relevant times herein, **TRUMBETTI**, the **TROOPER DEFENDANTS, CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, ABC ENTITIES 1-5** and **JOHN DOES 1-5** were acting under color of state law and within the scope of their authority as employees, agents and/or officers of defendants **LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY,** and the **STATE POLICE.**

47. During all relevant times herein the defendants **TRUMBETTI, TROOPER DEFENDANTS, CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY,** and the **STATE POLICE** and **JOHN DOES 1-5,** their agents servants, and/or employees, acted under color of law, under the color of the constitution, statutes, laws, charter, ordinances, rules, regulations, customs, usages, and practices of the said police departments, agencies and entities.

48. During all relevant times defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY,** and the **STATE POLICE** ratified and maintained a practice, custom and/or policy of failing to train, discipline and/or supervise **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** in conformity with clearly established constitutional principles which govern their conduct, including proscriptions against the use of excessive force in effecting seizures of unarmed persons.

12

49.     During all relevant times herein the defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES, FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY,** and the **STATE POLICE** were responsible for the conduct of **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** as well as instruction, supervision and implementation of proper law enforcement procedures and oversight over the **LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY,** and the **STATE POLICE.**

50.     During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit unlawful assault, battery and violations of civil rights upon **PLAINTIFF.**

51.     At all relevant times herein the defendants acted with deliberate and conscious indifference to **PLAINTIFF'S** constitutional rights which violations arise out of a pattern of custom, policy and practice by and of defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY,** and the **STATE POLICE** in allowing the use of excessive force, permitting and condoning the use of excessive force and violation of police procedures as well as the failure to properly hire, train and supervise police officers in the proper conduct of their duties and in the use of force.

## COUNT ONE

### (New Jersey State Constitution))

52.     **PLAINTIFF** repeats and realleges each and every allegation contained in the above paragraphs and incorporates same by reference.

53.     By reason of the foregoing unlawful and excessive use of force, defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNHSIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY,** the **STATE POLICE, JOHN DOES 1-5 and ABC ENTITIES 1-5,** through and by the acts of **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** willfully, wantonly, and recklessly violated the civil rights of **PLAINTIFF**.

54.     By reason of the foregoing unlawful and false arrest and imprisonment, defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNHSIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, STATE POLICE, TRUMBETTI, TROOPER DEFENDANTS, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual **TROOPER DEFENDANTS, TRUMBETTI** and **JOHN DOES 1-5** willfully, wantonly, and recklessly violated the civil rights of **PLAINTIFF**.

55.     By reason of the foregoing unlawful and malicious prosecution and abuse of process, defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, STATE POLICE, TRUMBETTI, TROOPER DEFENDANTS, JOHN DOES 1-5 and ABC**

14

ENTITIES 1-5 through and by the acts of the individual **TROOPER DEFENDANTS,** **TRUMBETTI** and **JOHN DOES 1-5** willfully, wantonly, and recklessly violated the civil rights of **PLAINTIFF**.

56. The foregoing acts of assault, excessive force, and abuse of process violated **PLAINTIFF**'s right under the New Jersey State Constitution to be secure in his person from unreasonable seizures, and deprived **PLAINTIFF** of his rights, privileges and immunities secured by the Constitution and laws of the State of New Jersey.

57. The foregoing acts of assault and excessive force, and abuse of process violated **PLAINTIFF**'s right under the New Jersey State Constitution to the right of association, due process, equal protection and his rights of privacy and deprived **PLAINTIFF** of his rights, privileges and immunities secured by the Constitution and laws of the State of New Jersey..

58. . Defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL** **FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE** **DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON** **COUNTY, STATE POLICE, JOHN DOES 1-5 and ABC ENTITIES 1-5** their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of **PLAINTIFF**, failure and refusal to properly supervise or otherwise correct improper conduct, in allowing and permitting a pattern of improper violation of police procedures and protocol to persist, failure to properly hire, train and supervise law enforcement officers, and permitting a pattern of abuse to continue, deprived **PLAINTIFF** of his rights, privileges and immunities secured by the Constitution and laws of the State of New Jersey, and are liable to plaintiffs pursuant to Title 10 of the New Jersey Statutes, known as the New Jersey Civil Rights Act.

15

59.   The aforedescribed acts of the **TROOPER DEFENDANTS, TROMBETTI and JOHN DOES 1-5** were committed under the color of law and within their authority as State Troopers and employees of the **LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, STATE POLICE** and **ABC ENTITIES 1-5** and while they were acting within the scope of their employment and pursuant to the authority vested in them by said defendants.

60.   The aforescribed acts of the **TROOPER DEFENDANTS, TROMBETTI and JOHN DOES 1-5** were committed while under the directive and supervision of defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES, FREEHOLDER DEFENDANTS,** and **ABC ENTITIES 1-5** and others in the chain of command.

61.   Defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES, FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, TRUMBETTI, TROOPER DEFENDANTS, STATE POLICE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** deprived **PLAINTIFF** of his constitutional rights, acting under color of statute, ordinance, regulation, custom or usage and misused the power they possessed.

62.   Defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, TROMBETTI, TROOPER DEFENDANTS, STATE POLICE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** acted pursuant to official policy and/or governmental custom, and deprived **PLAINTIFF** of his constitutional rights secured by the New Jersey State Constitution.

63.   As a direct and proximate result of the practices, customs and usages of the

16

defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, TRUMBETTI, TROOPER DEFENDANTS, STATE POLICE, JOHN DOES 1-5** and **ABC ENTITIES 1-5, PLAINTIFF** was deprived of his right to due process of law guaranteed under the New Jersey State Constitution..

64.    As a direct and proximate result of defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES, FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, TROMBETTI, TROOPER DEFENDANTS, NEW JERSEY STATE POLICE, JOHN DOES 1-5** and **ABC ENTITIES 1-5's** constitutional violations, **PLAINTIFF** sustained serious, severe and permanent injuries.

65.    As a direct and proximate result of the violation of constitutional rights as aforedescribed, **PLAINTIFF** was caused to suffer severe, painful and permanent personal injuries, mental anguish and great physical pain, was compelled to undergo hospital and medical aid and treatment and was prevented from engaging in his usual activities, all to his damage.

66.    By reason of the foregoing **PLAINTIFF** has been damaged.

67.    WHEREFORE **PLAINTIFF DON CRAWFORD** demands judgment against defendants **CHIEF JEFFREY SMITH, CHIEF LAZZAROTTI, COLONEL RICK FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, SERGEANT TRUMBETTI, TROOPER K. SAGANOWSKI, TROOPER J. HALL, TROOPER F. LANE, TROOPER M. BAGGS, TROOPER M. GOLENEICKI,**

17

TROOPER T. WELSH, the NEW JERSEY STATE POLICE, JOHN DOES 1-5 and ABC ENTITIES 1-5 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

**COUNT TWO**

**(ASSAULT AND BATTERY)**

68.    **PLAINTIFF** repeats and realleges each and every allegation contained in the above paragraphs and incorporates same by reference.

69.    Defendants **CHIEF SMITH, CHIEF LAZZAROTTI, COLONEL FUENTES, FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, TROOPER DEFENDANTS, SERGEANT TROMBETTI, NEW JERSEY STATE POLICE, JOHN DOES 1-5 and ABC ENTITIES 1-5** without cause or justification or consent did place **PLAINTIFF** in fear of imminent physical harm and intentionally assaulted him.

70.    As a direct and proximate result of the assault and battery **PLAINTIFF** was caused to be placed in fear of physical harm, suffered severe physical injury, emotional anguish and has otherwise been damaged.

71.    The aforedescribed damages and injuries were caused solely and wholly by the intentional and willful assault and battery of the defendants without any fault of **PLAINTIFF** contributing thereto.

72.    As a direct and proximate result of the assault and battery as aforedescribed, **PLAINTIFF** was caused to suffer severe, painful and permanent injuries, sustained severe nervous shock, mental anguish and great physical pain, was compelled to undergo hospital and medical aid and treatment and was prevented from engaging in his usual activities.

18

73.    By reason of the foregoing **PLAINTIFF** has been damaged.

74.    WHEREFORE **PLAINTIFF DON CRAWFORD** demands judgment against defendants **CHIEF JEFFREY SMITH, CHIEF LAZZAROTTI, COLONEL RICK FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, SERGEANT TRUMBETTI, TROOPER K. SAGANOWSKI, TROOPER J. HALL, TROOPER F. LANE, TROOPER M. BAGGS, TROOPER M. GOLENEICKI, TROOPER T. WELSH,** the **NEW JERSEY STATE POLICE, JOHN DOES 1-5 and ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

**COUNT THREE**

**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

75.    **PLAINTIFF** repeats and realleges each and every allegation contained in the above paragraphs and incorporates same by reference.

76.    Defendants collectively and individually, by their agents, servants and their employees and each of them individually engaged in actions which were intended to, and which did, inflict severe emotional trauma upon **PLAINTIFF.**

77.    By reason of the foregoing **PLAINTIFF** has suffered emotional trauma and has been damaged.

78.    WHEREFORE **PLAINTIFF DON CRAWFORD** demands judgment against defendants **CHIEF JEFFREY SMITH, CHIEF LAZZAROTTI, COLONEL RICK FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON**

19

COUNTY, SERGEANT TRUMBETTI, TROOPER K. SAGANOWSKI, TROOPER J. HALL, TROOPER F. LANE, TROOPER M. BAGGS, TROOPER M. GOLENEICKI, TROOPER T. WELSH, the NEW JERSEY STATE POLICE, JOHN DOES 1-5 and ABC ENTITIES 1-5 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

## COUNT FOUR

### (ABUSE OF PROCESS and ABUSE OF AUTHORITY)

79.     **PLAINTIFF** repeats and realleges each and every allegation contained in the above paragraphs and incorporates same by reference.

80. The unlawful actions of the **DEFENDANTS** constitute abuse of process and abuse of authority.

81.     By reason of the foregoing, and as a direct and proximate result of the abuse of process and abuse of authority by the **DEFENDANTS, PLAINTIFF** suffered damages.

82.     By reason of the foregoing, and as a direct and proximate result of the **DEFENDANTS'** abuse of process and abuse of authority, **PLAINTIFF** has suffered emotional distress, anguish and loss of reputation.

83.     By reason of the foregoing, **PLAINTIFF** has been damaged.

84.     WHEREFORE **PLAINTIFF DON CRAWFORD** demands judgment against defendants **CHIEF JEFFREY SMITH, CHIEF LAZZAROTTI, COLONEL RICK FUENTES,** the **FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, SERGEANT TRUMBETTI, TROOPER K. SAGANOWSKI, TROOPER J. HALL, TROOPER F. LANE, TROOPER M. BAGGS, TROOPER M. GOLENEICKI, TROOPER T. WELSH,** the **NEW JERSEY STATE POLICE, JOHN DOES 1-5 and ABC**

**ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

<u>.COUNT FIVE</u>

(CIVIL CONSPIRACY)

85.     **PLAINTIFF** repeats and realleges each and every allegation contained in the above paragraphs and incorporates same by reference.

86   . **DEFENDANTS** did conspire, act in concert together, and agree among themselves, to cause injury and damage to and commit unlawful acts against **PLAINTIFF**, namely: to retaliate against and to selectively enforce laws against **PLAINTIFF**, to defame **PLAINTIFF**, to abuse their authority and abuse process against **PLAINTIFF**, and to injure, damage, intentionally cause emotional distress to, **PLAINTIFF**.

87.     Each of the **DEFENDANTS** understood the objectives of the conspiracy scheme and accepted them, and agreed, implicitly or explicitly, to each do his part to further them.

88.     The conspiracy included knowledge and agreement to meet at the Red Zone parking lot and there accost, assault, commit battery upon, and arrest **PLAINTIFF** without cause.

89.     By reason of the foregoing, and as a direct and proximate result of the conspiracy of, and the actions of, the **DEFENDANTS PLAINTIFF** suffered damages.

90.     By reason of the foregoing, and as a direct and proximate result of the conspiracy of and actions of the **DEFENDANTS, PLAINTIFF** has suffered emotional distress, anguish and loss of reputation.

91.     By reason of the foregoing, **PLAINTIFF** has been damaged.

92.   WHEREFORE plaintiff **DON CRAWFORD** demands judgment against defendants

21

**CHIEF JEFFREY SMITH, CHIEF LAZZAROTTI, COLONEL RICK FUENTES, the FREEHOLDER DEFENDANTS, LUMBERTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON CITY POLICE DEPARTMENT, BURLINGTON COUNTY, SERGEANT TROMBETTI, TROOPER K. SAGANOWSKI, TROOPER J. HALL, TROOPER F. LANE, TROOPER M. BAGGS, TROOPER M. GOLENEICKI, TROOPER T. WELSH, the NEW JERSEY STATE POLICE, JOHN DOES 1-5 and ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

> **SHELLEY L. STANGLER, P.C.**
> Attorney for Plaintiff Don Crawford
> 155 Morris Avenue
> Springfield, New Jersey 07081

Dated: May 11, 2012                BY: _____
                                  **SHELLEY L. STANGLER, ESQ.**

## JURY DEMAND

Plaintiff demands that trial by jury in these actions for all issues triable by a jury

                                  BY: _____
Dated: May 11, 2012                **SHELLEY L. STANGLER, ESQ.**

## DESIGNATION OF TRIAL COUNSEL

Shelley L. Stangler, Esq. is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

                                  By: _____
Dated: May 11, 2012                **SHELLEY L. STANGLER, ESQ.**

22

## CERTIFICATION

**SHELLEY L. STANGLER, ESQ.,** of full age, certifies:

1. **SHELLEY L. STANGLER, P.C.** has been retained to represent plaintiff **DON CRAWFORD** in connection with the within matter. I am the attorney in charge of the case.

2. The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3. Ther e are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SHELLEY L. STANGLER, P.C.**

Dated: May 11, 2012

**SHELLEY L. STANGLER, ESQ.**